ACORD®

# GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM

TLEVORSE

DATE (MM/DD/YYYY): 6/3/2026

| | |
|---|---|
| AGENCY<br>Central Insurance Agency, Inc.<br>93 E Main St<br>Smithtown, NY 11787-2802 | INSURED LOCATION CODE: <br>DATE OF LOSS AND TIME: 03/06/2025 AM / PM |
| | CARRIER: StarStone Specialty Ins. Co. — NAIC CODE: 44776 |
| | POLICY NUMBER: WSGL002339 |
| CONTACT NAME: | |
| PHONE (A/C, No, Ext): (877) 242-9600 | |
| FAX (A/C, No): (877) 243-8995 | |
| E-MAIL ADDRESS: info@ciainsures.com | |
| CODE: — SUBCODE: | |
| AGENCY CUSTOMER ID: PROFPOL-01 | |

## INSURED

| | |
|---|---|
| NAME OF INSURED (First, Middle, Last): | INSURED'S MAILING ADDRESS<br>PO Box 145<br>Mt Holly, NC 28120 |
| DATE OF BIRTH: — FEIN (if applicable): | |
| PRIMARY PHONE # ☐ HOME ☒ BUS ☐ CELL<br>(803) 379-6969 — SECONDARY PHONE # ☐ HOME ☐ BUS ☒ CELL<br>(704) 442-9499 | PRIMARY E-MAIL ADDRESS:<br>SECONDARY E-MAIL ADDRESS: |

## CONTACT

X CONTACT INSURED

| | |
|---|---|
| NAME OF CONTACT (First, Middle, Last)<br>Lee Ratliff | CONTACT'S MAILING ADDRESS |
| PRIMARY PHONE # ☐ HOME ☒ BUS ☐ CELL<br>(803) 379-6969 — SECONDARY PHONE # ☐ HOME ☐ BUS ☒ CELL<br>(704) 442-9499 | |
| WHEN TO CONTACT | PRIMARY E-MAIL ADDRESS: lratliff@icloud.com<br>SECONDARY E-MAIL ADDRESS: lratliff@me.com |

## OCCURRENCE

| | |
|---|---|
| LOCATION OF OCCURRENCE<br>STREET: | POLICE OR FIRE DEPARTMENT CONTACTED |
| CITY, STATE, ZIP: | REPORT NUMBER |
| COUNTRY: | |

DESCRIBE LOCATION OF OCCURRENCE IF NOT AT SPECIFIC STREET ADDRESS:

DESCRIPTION OF OCCURRENCE (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Plaintiff James Godfrey attacked on a Charlotte Area Transit System bus and property stolen

## TYPE OF LIABILITY

| | |
|---|---|
| PREMISES: INSURED IS ☐ OWNER ☐ TENANT ☐ | TYPE OF PREMISES |
| OWNER'S NAME & ADDRESS (If not insured) | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL — SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL<br>PRIMARY E-MAIL ADDRESS:<br>SECONDARY E-MAIL ADDRESS: |
| PRODUCTS: INSURED IS ☐ MANUFACTURER ☐ VENDOR ☐ | TYPE OF PRODUCT |
| MANUFACTURER'S NAME & ADDRESS (If not insured) | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL — SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL<br>PRIMARY E-MAIL ADDRESS:<br>SECONDARY E-MAIL ADDRESS: |

WHERE CAN PRODUCT BE SEEN?


© 1986-2013 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

## INJURED / PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | | EMPLOYER'S NAME & ADDRESS | |
|---|---|---|---|
| PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL |
| PRIMARY E-MAIL ADDRESS: | | PRIMARY E-MAIL ADDRESS: | |
| SECONDARY E-MAIL ADDRESS: | | SECONDARY E-MAIL ADDRESS: | |
| AGE / SEX / OCCUPATION | | DESCRIBE INJURY | |
| WHERE TAKEN | | WHAT WAS INJURED DOING? | |
| DESCRIBE PROPERTY (Type, model, etc.) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | |

## WITNESSES

| NAME AND ADDRESS | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL |
|---|---|---|
| | PRIMARY E-MAIL ADDRESS: | |
| | SECONDARY E-MAIL ADDRESS: | |
| NAME AND ADDRESS | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL |
| | PRIMARY E-MAIL ADDRESS: | |
| | SECONDARY E-MAIL ADDRESS: | |
| NAME AND ADDRESS | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL | SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL |
| | PRIMARY E-MAIL ADDRESS: | |
| | SECONDARY E-MAIL ADDRESS: | |

## REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| REPORTED BY | REPORTED TO |
|---|---|
| Lee Ratliff | Tina Levorse |

**APPLICABLE IN ALABAMA**

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution fines or confinement in prison, or any combination thereof.

**APPLICABLE IN ALASKA**

A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a claim containing false, incomplete, or misleading information may be prosecuted under state law.

**APPLICABLE IN ARIZONA**

For your protection, Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

**APPLICABLE IN ARKANSAS, DELAWARE, KENTUCKY, LOUISIANA, MAINE, MICHIGAN, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH DAKOTA, PENNSYLVANIA, RHODE ISLAND, SOUTH DAKOTA, TENNESSEE, TEXAS, VIRGINIA, AND WEST VIRGINIA**

Any person who knowingly and with intent to defraud any insurance company or another person, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent insurance act, which is a crime, subject to criminal prosecution and [NY: substantial] civil penalties. In LA, ME, TN, and VA, insurance benefits may also be denied.

**APPLICABLE IN CALIFORNIA**

For your protection, California law requires the following to appear on this form: Any person who knowingly presents a false or fraudulent claim for payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**APPLICABLE IN COLORADO**

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policy holder or claimant for the purpose of defrauding or attempting to defraud the policy holder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

**APPLICABLE IN THE DISTRICT OF COLUMBIA**

Warning: It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits, if false information materially related to a claim was provided by the applicant.

**APPLICABLE IN FLORIDA**

Pursuant to S. 817.234, Florida Statutes, any person who, with the intent to injure, defraud, or deceive any insurer or insured, prepares, presents, or causes to be presented a proof of loss or estimate of cost or repair of damaged property in support of a claim under an insurance policy knowing that the proof of loss or estimate of claim or repairs contains any false, incomplete, or misleading information concerning any fact or thing material to the claim commits a felony of the third degree, punishable as provided in S. 775.082, S. 775.083, or S. 775.084, Florida Statutes.

**APPLICABLE IN HAWAII**

For your protection, Hawaii law requires you to be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment, or both.

**APPLICABLE IN IDAHO**

Any person who knowingly and with the intent to injure, defraud, or deceive any insurance company files a statement of claim containing any false, incomplete or misleading information is guilty of a felony.

**APPLICABLE IN INDIANA**

A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

## APPLICABLE IN KANSAS

Any person who, knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker or any agent thereof, any written statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy for personal or commercial insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which such person knows to contain materially false information concerning any fact material thereto; or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act.

## APPLICABLE IN MARYLAND

Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

## APPLICABLE IN MINNESOTA

A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

## APPLICABLE IN NEVADA

Pursuant to NRS 686A.291, any person who knowingly and willfully files a statement of claim that contains any false, incomplete or misleading information concerning a material fact is guilty of a felony.

## APPLICABLE IN NEW HAMPSHIRE

Any person who, with purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

## APPLICABLE IN OHIO

Any person who, with intent to defraud or knowing that he/she is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

## APPLICABLE IN OKLAHOMA

WARNING: Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

## APPLICABLE IN WASHINGTON

It is a crime to knowingly provide false, incomplete, or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

| | | |
|---|---|---|
| **STATE OF NORTH CAROLINA** | | File No. 25CV050595-590 |
| MECKLENBURG County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| | |
|---|---|
| Name Of Plaintiff<br>JAMES M. GODFREY | |
| Address<br>c/o Abrams & Abrams, PA, 1526 Glenwood Avenue | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**<br>WITH FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION, AND FIRST REQUESTS FOR ADMISSION ATTACHED<br>G.S. 1A-1, Rules 3 and 4 |
| City, State, Zip<br>Raleigh NC 27608 | |
| **VERSUS** | |
| Name Of Defendant(s)<br>TRANSIT MANAGEMENT OF CHARLOTTE, INC., et al. | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| PROFESSIONAL POLICE SERVICES, INC. d/b/a PROFESSIONAL SECURITY SERVICES, c/o JAMESON P. WELLS, Reg. Agent, 901 EAST BLVD., SUITE 200<br>CHARLOTTE NC 28203-4855 | |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| NOAH B. ABRAMS<br>ABRAMS & ABRAMS, P.A.<br>1526 GLENWOOD AVENUE<br>RALEIGH NC 27608 | 4/23/2026 | 11:27:18 am ☐ AM ☐ PM |
| | Signature<br>/s/ Sarah Fletcher | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| | Date Of Endorsement | Time |
|---|---|---|
| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)


© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV050595-590

JAMES M. GODFREY,

Plaintiff,

v.

TRANSIT MANAGEMENT OF CHARLOTTE, INC., WEDRIVEU, INC., NATIONAL EXPRESS LLC, MOBICO GROUP, PLC, ALECEA ARMSTRONG, and PROFESSIONAL POLICE SERVICES, INC. d/b/a PROFESSIONAL SECURITY SERVICES,

Defendants.

**AMENDED COMPLAINT WITH JURY DEMAND AND WITH PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, FIRST REQUESTS FOR ADMISSION, AND FIRST REQUEST FOR INSPECTION ATTACHED**

NOW COMES Plaintiff, complaining of Defendants, who states as follows:

**STATEMENT OF PARTIES AND JURISDICTION**

1. Plaintiff James M. Godfrey is a citizen and resident of Mecklenburg County, North Carolina.

2. Defendant Alecea Armstrong (hereinafter sometimes referred to as "Defendant Armstrong") is, upon information and belief, a citizen and resident of Mecklenburg County and her residential address is 4024 Coopersdale Road, Charlotte, North Carolina 28273.

3. Defendant Transit Management of Charlotte, Inc. is a corporation authorized and existing under the laws of the State of North with its principal office located

at 121 2nd Street, Suite 3000, San Francisco, California 94105 and its registered agent listed as CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615-6417. At all relevant times, Defendant Transit Management of Charlotte, Inc. did business in and availed itself of the laws of the State of North Carolina.

4. Defendant WeDriveU, Inc. is a corporation authorized and existing under the laws of the State of California with its principal office located at 121 2nd Street, Suite 300, San Francisco, California 94105 and its registered agent listed as CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615-6417. At all relevant times, Defendant WeDriveU, Inc. did business in and availed itself of the laws of the State of North Carolina.

5. Defendant National Express LLC is a corporation authorized and existing under the laws of the State of Delaware with its principal office located at 2601 Navistar Drive, Lisle, Illinois 60532 and its registered agent listed as The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. At all relevant times, Defendant National Express LLC did business in and availed itself of the laws of the State of North Carolina.

6. Defendant Mobico Group PLC is a business entity authorized and existing under the laws of the United Kingdom with its principal place of business located at National Express House, Mill Lane, Digbeth, Birmingham, United Kingdom B5 6DD. At all relevant times, Defendant Mobico Group, PLC did business in and availed itself to the laws of the State of North Carolina and may be served with process pursuant to the provisions of The Hague Service Convention Treaty.

7. Defendant Professional Police Services, Inc. d/b/a Professional Security Services (hereinafter referred to as "Defendant Professional Security Services") is a business entity authorized and existing under the laws of the State of North Carolina with its principal place of business located at 125 East Charlotte Avenue, Mount Holly, North Carolina 28120 and its registered agent listed as Jameson P. Wells, 901 East Blvd., Suite 200, Charlotte, North Carolina 28203-4855. At all relevant times, Defendant Professional Security Services did business in and availed itself of the laws of the State of North Carolina.

8. At all times relevant herein, Defendant Transit Management of Charlotte, Inc. had a contract with the City of Charlotte to operate its public bus transportation system. Defendant Transit Management of Charlotte, Inc.'s operation of buses on behalf of the City of Charlotte is known as the Charlotte Area Transit System ("CATS").

9. At all times relevant herein, Defendant WeDriveU, Inc. managed buses used and operated by CATS.

10. Defendants WeDriveU, Inc., National Express LLC, and/or Mobico Group, PLC, contracted with Defendant Transit Management of Charlotte, Inc. and/or the City of Charlotte to operate and manage the CATS system, including its buses, employees, policies, and procedures.

11. Defendants Transit Management of Charlotte, Inc., WeDriveU, Inc., National Express LLC, Mobico Group, PLC, shall hereinafter sometimes be collectively referred to as "CATS Defendants."

12. At all times relevant herein, Defendant Professional Security Services contracted with the CATS Defendants to provide security services for the CATS system,

including on buses used and operated by the CATS system, such as the bus on which the subject incident occurred.

13. Plaintiff has reviewed all available potential legal claims and causes of action against Defendants and has intentionally chosen to pursue only claims based upon North Carolina state law. Any reference to any federal agency, regulation, or rule is stated solely as background information and explicitly does not create a federal question. Plaintiff has chosen to pursue only state law claims and is not making any claims that raise federal questions.

14. This lawsuit is brought within and prior to the expiration of all applicable Statutes of Repose.

## STATEMENT OF FACTS

15. Paragraphs 1 through 14 of this Complaint are reincorporated as if fully set forth herein.

16. On March 6, 2025, at approximately 7:40 a.m., Plaintiff James Godfrey boarded a CATS bus in Charlotte, North Carolina. The bus was being operated by Defendant Armstrong.

17. The security for the subject bus was contracted to Defendant Professional Security Services.

18. Defendant Professional Security Services did not have any security officers present on the subject bus.

19. Defendant Professional Security Services did not provide reasonably necessary and adequate security on buses in the CATS system, including the subject bus.

20. Because of the lack of reasonably necessary and adequate security on the subject bus, Plaintiff James Godfrey's backpack was stolen by another passenger.

21. Because of the lack of reasonably necessary and adequate security on the subject bus, Plaintiff James Godfrey did not have any reasonably safe options to recover his stolen property.

22. Defendant Armstrong was an employee and agent of Defendant Transit Management of Charlotte, Inc., WeDriveU, Inc., National Express LLC, and/or Mobico Group, PLC.

23. At all relevant times, Defendant Armstrong was operating the subject bus within the course and scope of her employment and/or agency with Defendant Transit Management of Charlotte, Inc., WeDriveU, Inc., National Express LLC, and/or Mobico Group, PLC.

24. Because of the lack of reasonably necessary and adequate security on the subject bus, Plaintiff James Godfrey was attacked by another bus passenger, who had previously stolen his backpack.

25. Defendant Armstrong looked in the rearview mirror from her driver's seat and saw the attack. She called the bus operations control center and informed them that there was a fight on the bus but it appeared to stop so she continued driving her route.

26. Over the next several hours, Plaintiff continually cried out that he was unable to move his body and that he needed medical attention. Despite this, Defendant Armstrong did not seek any medical assistance.

27. After making several stops, Defendant Armstrong stopped the bus near a homeless shelter, exited the driver's seat, and walked to the back of the bus. She saw

Plaintiff lying on the floor of the bus with blood on his forehead, unable to move.

28. Defendant Armstrong asked Plaintiff if he was okay and he responded that he needed help. Another passenger assisted Plaintiff by sitting him upright on the floor of the bus. After seeing him sit upright, Defendant Armstrong resumed driving her route.

29. Upon arrival at the transit center hours later, Defendant Armstrong asked dispatch to notify a medic to assist Plaintiff. Plaintiff was taken by EMS to Novant Main Hospital.

30. The initial backpack theft, the subsequent attack, and the delay in Mr. Godfrey's medical treatment was proximately caused by the negligence, gross negligence, recklessness, willful and wanton conduct, and breaches of contract by the Defendants, jointly and severally with each other.

31. As a proximate result of Defendants' negligence, gross negligence, recklessness, and willful and wanton misconduct, Plaintiff suffered from multiple severe and catastrophic injuries, including, but not limited to, spinal cord injury at C1-C4 level resulting in quadriplegia, acute traumatic injury of cervical spine, neurogenic shock due to traumatic injury, acute hypoxemic respiratory failure, loculated pleural effusion, nasal fracture, multiple left rib fractures, bruising to his face and neck, medical expenses, loss of use of the body, disfigurement, disability, and severe physical and mental pain and suffering, and will continue to suffer from such injuries for the rest of his life.

## FIRST CLAIM FOR RELIEF
## NEGLIGENT, GROSSLY NEGLIGENT, RECKLESS, WILLFUL, AND WANTON CONDUCT OF DEFENDANT ALECEA ARMSTRONG

32. Paragraphs 1 through 31 of this Complaint are reincorporated as if fully set forth herein.

33. At all relevant times, Defendant Armstrong owed a legal duty to those boarding and riding on CATS buses, including but not limited to Plaintiff, to operate and maintain the bus in a reasonably safe manner, to act in accordance with her training and the policies and procedures for bus drivers in the CATS system, and otherwise act reasonably related to the operations of the subject bus.

34. Defendant Armstrong was negligent, grossly negligent, reckless, willful, and wanton in that Defendant Armstrong:

a. Negligently, grossly negligently, recklessly, willfully, and wantonly failed and refused to provide a reasonably safe bus;

b. Negligently, grossly negligently, recklessly, willfully, and wantonly failed and refused to stop the bus;

c. Negligently, grossly negligently, recklessly, willfully, and wantonly failed and refused to render emergency aid;

d. Negligently, grossly negligently, recklessly, willfully, and wantonly failed and refused to call emergency services; and

e. Was negligent, grossly negligent, reckless, willful, and wanton in such other and further ways as will be determined through discovery and proven at trial.

35. The injuries complained of in this Action were a foreseeable result of the negligent, grossly negligent, reckless, willful, and wanton acts, omissions, and conduct of Defendant Armstrong.

36. As a direct and proximate result of the negligent and wanton conduct of Defendant Armstrong, jointly and severally with all other Defendants, Plaintiff James M. Godfrey suffered severe and catastrophic injuries, including, but not limited to spinal cord

injury at C1-C4 level resulting in quadriplegia, acute traumatic injury of cervical spine, neurogenic shock due to traumatic injury, acute hypoxemic respiratory failure, loculated pleural effusion, nasal fracture, multiple left rib fractures, bruising to his face and neck, future medical expenses, loss of use of his body, disfigurement, disability, and severe physical and mental pain and suffering, and will continue to suffer from these injuries for the rest of his life.

37. Plaintiff James M. Godfrey is entitled to recover from Defendant Armstrong, jointly and severally with all other Defendants, a lump sum of all damages permitted under North Carolina law, in an amount to be decided by the jury, but pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure, an amount in excess of $25,000.00.

## SECOND CLAIM FOR RELIEF
## VICARIOUS LIABILITY OF THE CATS DEFENDANTS

38. Paragraphs 1 through 37 of this Complaint are reincorporated as if fully set forth herein.

39. At all relevant times, Defendant Armstrong was acting pursuant to her employment with the CATS Defendants and in accordance with their business requirements and needs.

40. At all relevant times, Defendant Armstrong was an employee and/or agent of the CATS Defendants.

41. At all relevant times, Defendant Armstrong was acting within the course and scope of her employment and/or agency with the CATS Defendants.

42. At all relevant times, Defendant Armstrong was acting with the express permission of the CATS Defendants.

43. At all relevant times, Defendant Armstrong was acting with the implied

permission of the CATS Defendants.

44. At all relevant times, Defendant Armstrong was acting in furtherance of the business interests of the CATS Defendants.

45. The CATS Defendants are therefore vicariously liable for the negligent, grossly negligent, reckless, and willful and wanton conduct of Defendant Armstrong.

46. To the extent that the CATS Defendants condoned, participated in, required, compelled, or otherwise were actively involved in the willful or wanton conduct of Defendant Armstrong, as complained of above, Plaintiff seeks punitive damages against the CATS Defendants, in an amount to be determined by the jury, but in any event greater than $25,000.00.

**THIRD CLAIM FOR RELIEF**
**NEGLIGENCE, GROSS NEGLIGENCE, RECKLESS, WILLFUL, AND WANTON CONDUCT BY DEFENDANTS TRANSIT MANAGEMENT OF CHARLOTTE, INC., WEDRIVEU, INC., NATIONAL EXPRESS LLC, AND MOBICO GROUP, PLC**

47. Paragraphs 1 through 46 of this Complaint are reincorporated as if fully set forth herein.

48. The CATS Defendants owed a duty to those lawfully riding on their buses, including but not limited to James Godfrey, to reasonably hire, retain, train, supervise, and terminate their drivers, agents and/or joint venture partners, including but not limited to Defendant Armstrong.

49. The CATS Defendants owed a duty to those lawfully riding their buses, including but not limited to James Godfrey, to implement policies, procedures, guidelines, and standards necessary to reasonably protect such persons from harm caused while riding their buses.

50. The CATS Defendants were further independently negligent, grossly

negligent, reckless, willful, and wanton in that said Defendants, individually and by and through their agents, employees, representatives, parents, subsidiaries, affiliates, predecessors, and/or successors:

a. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to implement necessary guidelines, procedures, and standards in the training of employees to ensure that individuals who ride their buses were provided reasonably necessary and adequate safety;

b. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to implement necessary guidelines, procedures, and standards in the training of employees to ensure that individuals who ride their buses were provided reasonably necessary and adequate emergency medical care;

c. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to implement necessary guidelines, procedures, and standards in the training of employees to ensure that individuals who ride their buses were provided reasonably necessary and adequate access to medical services after an incident;

d. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to reasonably train Defendant Armstrong;

e. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to reasonably supervise Defendant Armstrong;

f. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to implement necessary guidelines, procedures, and standards in the hiring, retaining, training, and supervision of bus drivers to ensure that their agents, and those operating buses on its behalf, including but not limited to Defendant

Armstrong, would act in a lawful and reasonably safe manner in their business operations;

g. Negligently, grossly negligently, recklessly, willfully, and wantonly provided inadequate instructions to Defendant Armstrong;

h. Negligently, grossly negligently, recklessly, willfully, and wantonly retained Defendant Armstrong; and

i. Were negligent, grossly negligent, reckless, willful, and wanton in such other manner as will be determined through discovery and proven at trial.

51. As a direct and proximate result of the negligent and wanton conduct of the CATS Defendants, jointly and severally with each other and with all other Defendants, Plaintiff James M. Godfrey suffered severe and catastrophic injuries, including, but not limited to spinal cord injury at C1-C4 level resulting in quadriplegia, acute traumatic injury of cervical spine, neurogenic shock due to traumatic injury, acute hypoxemic respiratory failure, loculated pleural effusion, nasal fracture, multiple left rib fractures, bruising to his face and neck, future medical expenses, loss of use of his body, disfigurement, disability, and severe physical and mental pain and suffering, and will continue to suffer such damages for the rest of his life.

52. Plaintiff James M. Godfrey is entitled to recover from Defendants Transit Management of Charlotte, Inc., WeDriveU, Inc., National Express LLC, and Mobico Group, Plc, jointly and severally with each other and with all other Defendants, a lump sum of all damages permitted under North Carolina law, in an amount to be decided by the jury, but pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure, an amount in excess of $25,000.00.

**FOURTH CLAIM FOR RELIEF**
**PUNITIVE DAMAGES CLAIMS AGAINST DEFENDANT TRANSIT MANAGEMENT OF CHARLOTTE, INC., WEDRIVEU, INC., NATIONAL EXPRESS LLC, AND MOBICO GROUP, PLC**

53. Paragraphs 1 through 52 of this Complaint are reincorporated as if fully set forth herein.

54. The actions of the CATS Defendants, as complained of in this action, and which related to and/or caused Plaintiff's injuries complained of in this Action, are so egregious as to constitute a reckless disregard for human life and willful and wanton conduct, within the meaning of Chapter 1D of the North Carolina General Statutes.

55. Pursuant to N.C.G.S. § 1D-15, Plaintiff is entitled to recover from the CATS Defendants, jointly and severally with each other, punitive damages for their reckless, willful, and wanton conduct, as defined by Chapter 1D of the North Carolina General Statutes.

56. Plaintiff is entitled to recover punitive damages from Defendants Transit Management of Charlotte, Inc., WeDriveU, Inc., National Express LLC, and Mobico Group, Plc, jointly and severally with each other, an amount to be determined by a jury according to the evidence.

**FIFTH CLAIM FOR RELIEF**
**NEGLIGENCE, GROSS NEGLIGENCE, RECKLESS, WILLFUL, AND WANTON CONDUCT BY DEFENDANT PROFESSIONAL SECURITY SERVICES**

57. Paragraphs 1 through 50 of this Complaint are reincorporated as if fully set forth herein.

58. Defendant Professional Security Services was in the business of and derived profit from the provision of security and surveillance services to the CATS system and specifically to customers such as James Godfrey, including but not limited to providing such services to customers on CATS buses, such as James Godfrey.

59. Defendant Professional Security Services owed a duty to those lawfully riding on buses owned, operated, and maintained by the CATS, including but not limited to James Godfrey, to provide reasonably adequate and necessary security on buses within the CATS system, including but not limited to the subject bus.

60. Defendant Professional Security Services owed a duty to those lawfully riding buses owned, operated, and maintained by the CATS Defendants, including but not limited to James Godfrey, to implement policies, procedures, guidelines, and standards necessary to reasonably protect such persons from harm caused while riding their buses.

61. Defendant Professional Security Services was further independently negligent, grossly negligent, reckless, willful, and wanton in that said Defendant, by and through their agents, employees, representatives, parents, subsidiaries, affiliates, predecessors, and/or successors:

a. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to implement necessary security guidelines, procedures, and

standards in the training of employees to ensure that individuals who ride buses owned, operated, and maintained by the CATS Defendants were provided reasonably necessary and adequate safety;

b. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to implement necessary guidelines, procedures, and standards in the training of employees to ensure that individuals who ride buses owned, operated, and maintained by the CATS Defendants were provided reasonably necessary and adequate emergency medical care;

c. Negligently, grossly negligently, recklessly, willfully, and wantonly failed to implement necessary guidelines, procedures, and standards in the training of employees to ensure that individuals who ride buses owned, operated, and maintained by the CATS Defendants were provided reasonably necessary and adequate access to medical services after an incident; and

d. Were negligent, grossly negligent, reckless, willful, and wanton in such other manner as will be determined through discovery and proven at trial.

62. As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton conduct of Defendant Professional Security Services, jointly and severally with each other and with all other Defendants, Plaintiff James M. Godfrey suffered severe and catastrophic injuries, including, but not limited to spinal cord injury at

C1-C4 level resulting in quadriplegia, acute traumatic injury of cervical spine, neurogenic shock due to traumatic injury, acute hypoxemic respiratory failure, loculated pleural effusion, nasal fracture, multiple left rib fractures, bruising to his face and neck, future medical expenses, loss of use of his body, disfigurement, disability, and severe physical and mental pain and suffering, and will continue to suffer such damages for the rest of his life.

63. Plaintiff James M. Godfrey is entitled to recover from Defendant Professional Security Services jointly and severally with each other and with all other Defendants, a lump sum of all damages permitted under North Carolina law, in an amount to be decided by the jury, but pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure, an amount in excess of $25,000.00.

## SIXTH CLAIM FOR RELIEF
## PUNITIVE DAMAGES CLAIMS AGAINST DEFENDANT PROFESSIONAL SECURITY SERVICES

64. Paragraphs 1 through 63 of this Complaint are reincorporated as if fully set forth herein.

65. The actions of Defendant Professional Security Services, as complained of in this action, and which related to and/or caused Plaintiff's injuries complained of in this Action, are so egregious as to constitute a reckless disregard for human life and willful and wanton conduct, within the meaning of Chapter 1D of the North Carolina General Statutes.

66. Pursuant to N.C.G.S. § 1D-15, Plaintiff is entitled to recover from Defendant Professional Security Services, jointly and severally with each other, punitive damages

for their reckless, willful, and wanton conduct, as defined by Chapter 1D of the North Carolina General Statutes.

67. Plaintiff is entitled to recover punitive damages from Defendant Professional Security Services, jointly and severally with each other, an amount to be determined by a jury according to the evidence.

**SEVENTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT AND THIRD-PARTY BENEFICIARY CLAIMS AGAINST DEFENDANT PROFESSIONAL SECURITY SERVICES**

68. Paragraphs 1 through 67 of this Complaint are reincorporated as if fully set forth herein.

69. Defendant Professional Security Services contracted with the CATS Defendants and/or the City of Charlotte to serve as the security service for the subject CATS system, and to provide reasonably adequate and necessary security for passengers on the CATS system, including but not limited to Plaintiff James Godfrey.

70. The contract between Defendant Professional Security Services and the CATS Defendants and/or the City of Charlotte was binding and enforceable at all times relevant to this Action.

71. In entering said contract, Defendant Professional Security Service undertook the contractual obligation to provide security services, personnel and equipment for the protection and security of the CATS transit system, its passengers, and its employees.

72. The contract between Defendant Professional Security Services and the CATS Defendants and/or the City of Charlotte was entered into for the direct benefit of CATS passengers, including Plaintiff James M. Godfrey, who were intended beneficiaries

of the security services to be provided thereunder. The primary purpose of the contract was to protect the safety and security of persons using the CATS transit system, and the contract was specifically designed and intended to benefit Plaintiff by providing reasonably necessary and adequate security for passengers on the subject bus system.

73. Defendant Professional Security Services breached its contractual obligations by, among other things, failing to provide the contracted number of security personnel, failing to provide adequate security coverage on CATS buses, failing to respond to reports of violent incidents on CATS buses, and failing to exercise its authority to protect passengers from foreseeable harm.

74. As a direct and proximate result of Defendant Professional Security Services' breach of contract, Plaintiff James M. Godfrey suffered the injuries complained of herein.

75. Plaintiff James M. Godfrey is entitled to recover from Defendant Professional Security Services all damages permitted under North Carolina law for breach of contract, in an amount to be decided by the jury, but pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure, an amount in excess of $25,000.00.

**PLAINTIFF SEEKS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

WHEREFORE, Plaintiff prays that he have and recover of Defendants, jointly and severally:

1. Compensatory damages against Defendants, jointly and severally, in an amount to be determined by a jury but in any event greater than $25,000.00;

2. Costs incurred in the bringing of this Action;

3. Punitive damages pursuant to N.C.G.S. § 1D-1, *et seq.* for the willful and wanton conduct of Defendants related to Plaintiff's injuries;

4. Pre- and post-judgment interest as provided by law;

5. A jury to hear and determine all issues of fact; and

6. Any other and further relief as the Court deems just and appropriate

This the 23rd day of April, 2026.


ABRAMS & ABRAMS, P.A.

/s/ Noah B. Abrams
Noah B. Abrams, State Bar No. 38735
1526 Glenwood Avenue
Raleigh, NC 27608
Telephone: (919) 755-9166
Facsimile: (919) 755-9396
nabrams@abramslawfirm.com
*Co-Counsel for Plaintiff*

CHESHIRE PARKER SCHNEIDER, PLLC

/s/ Elliot S. Abrams
Elliot S. Abrams, State Bar No. 42639
138 Fayetteville Street, Suite 400
Raleigh, NC 27601
Telephone: (919) 833-3114
elliot.abrams@cheshirepark.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *AMENDED COMPLAINT* was served upon all parties by email to the following:

Michael S. Rothrock
Michele Livingstone
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 Fayetteville Street, Suite 300
Raleigh, NC 27601
Michael.rothrock@wilsonelser.com
Michele.livingstone@wilsonelser.com
*Counsel for Defendants Transit Management of Charlotte, Inc., WeDriveU, Inc., National Express LLC, Mobico Group, PLC, and Alecea Armstrong*

This the 23rd day of April, 2026.

ABRAMS & ABRAMS, P.A.

/s/ Noah B. Abrams
Noah B. Abrams, State Bar No. 38735
1526 Glenwood Avenue
Raleigh, NC 27608
Telephone: (919) 755-9166
Facsimile: (919) 755-9396
nabrams@abramslawfirm.com
*Co-Counsel for Plaintiff*